REQUESTED BY: Lori McClurg, Director Department of Administrative Services
The Nebraska State Insurance Program is created by Neb. Rev. Stat. §§ 84-1601 through 84-1617 (1999), and that program provides group life and health insurance to employees of the State of Nebraska. Under § 84-1611, the State pays 79% of the "total cost" of the health insurance plan for the "option and coverage chosen" by any state employee, and the employee pays the remainder of that cost. Section 84-1611 also contains the following additional provisions:
 (2)(a) Under no circumstances shall the state's contribution exceed the actual cost of the plan, option and coverage chosen by the employee.
 (b) The state's contribution shall not be less than seventy-nine percent of the total cost which was in effect on July 1, 1994, for the plan, option and coverage chosen by the employee.
 (3) For purposes of this section [84-1611], (a) coverage shall mean the rate categories of one-party, two-party, four-party and family, as offered under any contract entered into for medical benefits, (b) option shall mean one of the choices of levels of medical and other benefits offered by a carrier, and (c) service date shall mean the date maintained in the Nebraska employees information system and used for calculating vacation and sick leave benefits.
Your opinion request involves the employee-employer contributions to state health insurance for married couples, when both spouses are state employees. You state that "[t]he practice since the late 1970's or early 1980's when both spouses are state employees has been to pay the entire premium for the couple regardless of whether the couple has opted for [a] health plan with single, family or other coverage." You offer the following rationale for that practice:
 Under Neb. Rev. Stat. § 84-1611 (1), the state's contribution as employer of the total premium cost is 79% and the employee's contribution to the cost of the coverage selected by the employee is 21%. Section 84-1611(3) states that "[f]or purposes of this section, (a) coverage shall mean the rate categories of one-party, two-party, four-party, and family, as offered under any contract entered into for medical benefits." Under section 84-1611(2)(a) "under no circumstances" is the state's contribution to exceed actual cost of the chosen coverage, while subsection (2)(b) indicates that the state's contribution shall not be less than 79% of the total cost. When both spouses of a married couple are state employees, if each is entitled to the state contribution for the coverage chosen, then a 79% employer contribution for each employee exceeds the total premium for the coverage in violation of Neb. Rev. Stat. § 84-1611(2)(a). As a result, the state has chosen to pay the entire premium for the coverage chosen by the employee-spouses.
Questions have apparently been raised recently as to whether the present practice treats state employees equally and as to whether the original cost savings which motivated that payment practice remain valid. Consequently, you have posed the following questions to us:
 . . . I am writing to inquire as to whether the state can lawfully pay for the full insurance costs of coverage of married couples when both spouses are state employees. If not, what are the appropriate employee and employer contributions for health insurance coverage of married couples when both spouses are state employees? Are either or both spouse-employees required to contribute 21% or to split the contribution before the state obligation to contribute arises? Also, since state employees recently went through open enrollment and selected their insurance-coverage for calendar year 2000, what are our options for action if you find that the current practice is invalid?
Section 84-1611 and the other statutes dealing with the Nebraska Insurance Program do not contain any specific provisions which set out how health insurance coverage should be funded for married couples under the State plan when both spouses are state employees, and our research has disclosed no Nebraska cases which offer guidance with respect to the questions presented in your opinion request letter. We have also reviewed the legislative history of a number of the legislative bills which went into the current version of § 84-1611 over time, and those materials also do not shed light on the questions at issue. Therefore, we are left with the language of the statute itself for guidance.[1]
It seems to us that the language of § 84-1611 could be read both to support the current practice with respect to payment of health insurance for state employees who are married, and to prohibit that same practice. On the one hand, we cannot say that the rationale which you articulated in support of the current practice with respect to insurance premiums for state employees who are married is clearly wrong. That rationale is further supported by the fact that § 84-1611(2)(a) prohibits any contribution by the state in excess of the actual cost of the plan, option or coverage chosen by the employee.
On the other hand, when married state employees opt for family or two-party coverage, one of the spouses is presumably listed as a dependant on that coverage, and the "total cost" of health insurance for both spouses is the cost of that one coverage. Having the State pay the entire premium under those circumstances, therefore, means that the State is paying more that 79% of the total cost to provide health insurance coverage to each employee-spouse. Such an analysis is based upon the premise that the State's obligation under § 84-1611 is to provide insurance coverage for the employee-spouses, and not to pay each employee separately for the value of the coverage which he or she chooses.
In Nebraska, although construction of a statute by an administrative department charged with enforcing that statute is not controlling, considerable weight will be given to such a construction, particularly when the Legislature has failed to take any action to change such an interpretation. Cox Cable ofOmaha, Inc. v. Nebraska Department of Revenue, 254 Neb. 598,578 N.W.2d 423 (1998); Metropolitan Utilities District of Omaha v.Balka, 252 Neb. 172, 560 N.W.2d 795 (1997). In addition:
 the construction of a statute of doubtful meaning given it by those whose duty it is to enforce it, and which construction the Legislature has, by its continued noninterference for a number of years, acquiesced in, will be approved unless, as thus construed, it contravenes some provision of the Constitution, or is clearly wrong.
International Brotherhood of Electrical Workers, Local Union No.507 v. City of Hastings, 179 Neb. 455, 459, 138 N.W.2d 822, 825
(1965).
From the materials you provided to us, we understand that the practice at issue regarding payment of insurance coverage for state employees who are married has been used since at least the late 1970's or early 1980's. In addition, written materials provided to us indicate that the State Insurance Manual has provided for the current practice since at least 1995. As a result, it appears that the current practice of paying the entire cost of health insurance coverage for married couples who are both state employees has been in place for almost twenty years. During that period of time, the Legislature neither added language to the statute to specifically address the situation where both spouses are state employees, nor took action to legislatively correct the interpretation adopted by the Department of Personnel or the DAS Personnel Division, in spite of the fact that the provisions of § 84-1611 and its predecessor statutes were amended on several occasions. Consequently, since we do not believe that the current practice violates the Nebraska Constitution or is clearly wrong, we conclude that the current interpretation of § 84-1611 and the current practice for funding the health insurance of married couples who are both state employees is lawful. On that basis, the state can continue to pay the full cost of health insurance coverage for married couples when both spouses are state employees.
In view of our response to your initial question, it is not necessary for us to reach the remaining questions presented in your opinion request.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
Don Stenberg
Attorney General
[1] A number of state employees are covered by collective bargaining agreements, and § 84-1611 (4) provides that the terms of those agreements shall prevail over the statute to the extent that they vary from the statute. However, the collection bargaining agreements for those employees are consistent with §84-1611 in that they generally provide that the employer contribution toward any group health insurance option shall be equal to 79% of the total premium cost of the plan, option and coverage chosen by the bargaining unit member.